ORDERED in the Southern District of Florida on Feb. 27, 2007



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

LOUIS J. PEREZ and
MARGARET J. PEREZ,

Debtors.
_____/

Case No. 07-10218-BKC-JKO

Chapter 7

### AMENDED ORDER ON DEBTORS' APPLICATION FOR WAIVER OF FILING FEE

This chapter 7 case came on for hearing on February 26, 2007, on the Debtors' motion for reconsideration [CP 21] of the Court's order signed January 24, 2007, and entered January 25, 2007 [CP 16] which denied their application for waiver of the filing fee for their chapter 7 case.

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Bankruptcy Code did not permit the Court to waive filing fees for chapter 7 debtors, leading to the ironic result that a debtor could be too poor to file for bankruptcy relief. In one of the relatively few true consumer protection provisions contained in BAPCPA, Congress amended 28 U.S.C. § 1930 to add a new subsection 1930(f)(1), which now permits the Court to waive the filing fee for chapter 7 debtors whose income is less than 150 percent of the official poverty line (as defined

by the United States Office of Management and Budget) as revised annually for a family of the size involved.

The Debtors here are a family of two with a combined monthly income of $1,957, all of it in the form of disability income. The Office of Management and Budget has promulgated its official poverty line guidelines for 2007 and has decreed that 150% of the official poverty line for a family of two is $1,711.25. Because the Debtors' income exceeds that amount, even though by a relatively small amount, § 1930(f)(1) prohibits me from waiving the filing fee in this case.

The Debtors are still in the process of reconstructing their condominium following serious damage from Hurricane Wilma in 2005. They ran out of FEMA funds in late 2006 and, while the structure in which their condo is located has been repaired with their condominium association's insurance proceeds, they had no insurance of their own. Their home remains unliveable, and they have been using their disability income to make internal repairs as they have been able to afford them.

In my earlier order denying the requested waiver, CP 16, I had directed that the Debtors pay the $299 chapter 7 filing fee in installments of $75 each on February 1, March 1, and April 2, 2007, with a final payment of $74 on May 1, 2007. Federal Rule of Bankruptcy Procedure 1006(b)(2) permits me to allow debtors to pay their filing fees in installments, subject to strict limitations. The maximum allowable number of installments is four, and the final installment must be payable not later than 120 days after the petition is filed, although the court may "for cause shown" extend the final installment payment date to "not later than 180 days" after the petition date. The petition date in this case was January 12, 2007, and 180 days after than is July 12, 2007.

On the facts of this case, I find that the Debtors have shown good cause why their installment payments should be extended for the full 180 days permitted by Rule 1006(b)(2). Accordingly, I will

modify the payment schedule set forth in my earlier order so that the Debtors are to pay their filing fee in the following installments:

$75 on or before February 1, 2007, which has already been paid;

$75 on or before March 1, 2007, which will probably cross in the mail with this order;

$75 on or before June 12, 2007; and

$74 on or before July 12, 2007.

If the Debtors fail to make their required filing fee payments, the Court may dismiss their case. Moreover, the Clerk may not issue the Debtors' discharge under 11 U.S.C. § 727 until after all installments have been paid.

Based upon the foregoing, it is SO ORDERED.

### 

Copies to

Louis J. and Margaret J. Perez
Kenneth A. Welt, chapter 7 Trustee
Office of the United States Trustee